FILED
2011 Oct-31  AM 09:46
U.S. DISTRICT COURT
N.D. OF ALABAMA


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | |
|---|---|
| **SHANNON MASON and** | ] |
| **ANGELA E. MASON,** | ] |
| | ] |
| **Defendants,** | ] |
| | ] |
| **v.** | ]          **CV-11-BE-3688-M** |
| | ] |
| **COUNTY OF ETOWAH, et al.,** | ] |
| | ] |
| **Defendants.** | ] |

**MEMORANDUM OPINION**

This case is before the court on Plaintiffs' motion to proceed *in forma pauperis* (doc. 2).

Plaintiffs allege that Defendants - Etowah County, Etowah County Judicial System, Judge

William Rhea and Clerk Billy Yates - committed various constitutional violations in an

underlying lawsuit in Etowah County Circuit Court that involved Plaintiffs as parties.   The court

finds that the motion to proceed *in forma pauperis* is due to be GRANTED.   Additionally, for

the reasons stated below, the court *sua sponte* finds that the case is due to be DISMISSED.

**PROCEEDINGS *IN FORMA PAUPERIS***

28 U.S.C. § 1915 governs proceedings *in forma pauperis.*  The statute provides that

> . . .any court of the United States may authorize the commencement,
> prosecution or defense of any suit, action, or proceeding, civil or criminal, or
> appeal therein without repayment of fees or security therefor, by a person who
> submits an affidavit that includes a statement of all assets. . .Such affidavit
> shall state the nature of the action, defense or appeal and affiant's belief that
> the person is entitled to redress.

28 U.S.C. §1915(a)(1).  The court holds broad discretion to allow a case to proceed *in forma*

*pauperis.*  After reviewing Plaintiffs' affidavit, the court GRANTS them permission to proceed *in*

1

*forma pauperis,* without payment of fees, pursuant to 28 U.S.C. § 1915.

In making a determination of whether a plaintiff qualifies as a pauper "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time *if* the court determines that . . . the action or appeal. . . is frivolous or malicious . . . [or] . . . *fails to state a claim on which relief may be granted.*"  28 U.S.C. § 1915 (e)(2)(B)(i) and (ii) (emphasis supplied).  Thus, the court has an obligation to review *sua sponte* (on its own motion) the merits of *in forma pauperis* matters. However, to protect a *pro se* litigant's right of access to the judicial system, courts read *pro se* complaints by less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 U.S. 886, 891 (5th Cir. 1976).[1] Therefore, this court reads Plaintiffs' complaint by less stringent standards; however, the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## FEDERAL JURISDICTION

Federal Rule of Civil Procedure 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Pursuant to Rule 12(h)(3), the court may act *sua sponte* to address the issue of subject matter jurisdiction at any time.  *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977) (stating that "there is no doubt that the District Court could dismiss the plaintiff's action *sua sponte* for failure of federal

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

jurisdiction pursuant to [Rule] 12(h)(3)"). Indeed, "it is incumbent upon [a] federal court[] . . . to constantly examine the basis of jurisdiction, doing so on [its] own motion if necessary." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (citing Rule 12(h)(3); *see also Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908) ("[I]t is the duty of this court to see to it that the jurisdiction of the circuit court, which is defined and limited by statute, is not exceeded. This duty we have frequently performed of our own motion.").

The *Rooker-Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts over certain matters related to previous state court litigation. *Rice v. Grubbs*, 158 Fed. Appx 163, 165 (11th Cir. 2005) (citing *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)). The *Rooker-Feldman* doctrine provides that "federal courts . . . have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). Put another way, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). "United States district courts 'do not have jurisdiction ... over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconsitutional.'" *Rolleston v. Eldredge*, 848 F.2d 163 (11th Cir. 1988) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)).

Here, Plaintiffs seek redress for the outcome of an Alabama state court litigation in which

3

they were Defendants.  This federal suit is not against the plaintiff in the underlying state suit but against the county where that suit was litigated, the county court system, the county clerk, and the Judge who ruled on the suit.  Nevertheless, the instant suit is essentially a collateral attack on the state court judgment; Plaintiffs are suing county officials involved in the underlying suit because they do not like the outcome and wish to force another outcome through re-litigation in federal court. Plaintiffs acknowledge that they raised in the state court litigation the same general claims they now assert involving the alleged violation of their constitutional rights in the underlying state litigation and the alleged Etowah County Circuit Court's lack of jurisdiction over them. However, if the Plaintiffs desired to challenge the state court rulings, then the correct avenue to do so would have been mandamus proceedings or direct appeal within the state judicial system. The court finds that a collateral suit in federal court is barred by the *Rooker-Feldman* doctrine to the extent that the state action is a final judgment.. As such, the court lacks subject matter jurisdiction in this case and *sua sponte* DISMISSES the Plaintiffs' claims.

Alternatively, the court also finds that the Plaintiffs' claims are due to be dismissed because they are frivolous and also fail to state a claim upon which relief can be granted for the reasons stated below.

### IMMUNITY/FAILURE TO STATE A CLAIM

The court finds that immunity protects several of the Defendants from suits such as the one at bar. Most of Plaintiffs' allegations revolve around the actions of Judge Rhea and attempt to hold the other Defendants liable for his actions and rulings during circuit court proceedings.  The law is well established that a judge is absolutely immune from civil liability for the actions taken in his official judicial capacity. *City of Bayou LaBatre v. Robinson*, 785 So. 2d 128, 1132-33

4

(Ala. 2000) ("A judge acting in his or her judicial capacity must enjoy freedom from risk of a lawsuit, lest the administration of justice be inhibited by fear of personal liability."); *see also Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989); *Forrester v. White*, 484 U.S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County,* 807 F.2d 889 (11th Cir. 1986).

The Eleventh Amendment "protects a State from being sued in federal court without the State's consent." *Manders v. Lee*, 338  F.3d 1304, 1308 (11th Cir. 2003), *cert. denied,* 540 U.S. 1107 (2004). *Manders* provides four factors that a court considers when determining whether a defendant is an "arm of the state" for Eleventh Amendment purposes:  "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *Manders*, 338 F.3d at 1309.   A circuit court judge acts exclusively for the state when acting in his official judicial capacity in court proceedings. *See* Ala. Code § 12-17-1 (all state circuit court personnel are employees of the State of Alabama).  Because controlling law has already determined that a circuit judge has immunity when acting in his official capacity in court proceedings, this court need not spill unnecessary ink in following those decisions.  The court finds that the allegations against Judge Rhea were for actions he took in his official judicial capacity during circuit court proceedings, and thus, he is IMMUNE from suit.

Plaintiffs also attempt to sue the Judge  in his *individual* capacity for damages based on actions he took as Judge during circuit court proceedings.  The Supreme Court has stated a two-part test for determining when a judge is entitled to immunity from money damages liability in Section 1983 suits. *Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996).   To receive immunity, first, the judge must have dealt with a plaintiff in the judge's judicial capacity and

second, the judge must not have acted in the "clear absence of jurisdiction." *Id.* at 1085. Although Plaintiffs claim that Judge Rhea had no jurisdiction over them, this court, based on the record, cannot find that he acted in the clear absence of all jurisdiction.  Further, the court finds that Judge Rhea dealt with Plaintiffs in his judicial capacity; Plaintiffs object to actions he took during circuit court proceedings.  Therefore, the court finds that Judge Rhea is IMMUNE from these claims against him in his individual capacity.

Similarly, Plaintiffs sue Etowah County Circuit Court Clerk Billy Yates for acts he performed in his official capacity as Clerk of the Etowah County Circuit Court.  The court finds that Yates, in his official capacity as clerk, acted as an arm of the State of Alabama.  *See* Ala. Code § 22-11-1, 12-11-2, 12-17-20, 12-10A-2, 12-10A-4, 12-2-30, 36-1-6.1, Const. Ala., Article VI, §§ 142 & 157 (establishing circuit courts); *Badillo v. Thorpe*, 158 Fed. Appx. 208 (11th Cir. 2005) (concluding after analyzing the factors in *Manders* that a Florida state court judge and a court administrator  were "arms of the state for Eleventh Amendment purposes and therefore enjoy immunity from liability on [] § 1983 claims").   Alabama Code § 12-17-1 provides that all state circuit court personnel are employees of the State of Alabama.  Yates is an employee of the State and he is being sued for actions performed in his official capacity as Clerk of the Court. Therefore, he is also entitled to Eleventh Amendment immunity.  *See Will v. Michigan Dept. of State Police,* 491 U.S. 59, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

Plaintiffs also purport to sue Yates in his "private" capacity for certain actions he performed as Clerk of the Court. First, Plaintiffs allege that Yates failed to give Plaintiffs initial notice when the underlying state case, originally filed in Marshall County, Alabama in September

of 2010, was transferred to Etowah County, Alabama.  However, Plaintiffs acknowledge in their complaint that they subsequently "received a motion for summary judgment" and participated in the hearing on that motion.  Although Plaintiffs state that the failure to receive notice of the transfer "disrupted any discovery that might have been obtained," they should have proceeded with discovery no matter what county the case was in.   In any event, the court finds that these allegations do not state a plausible constitutional violation or other plausible federal claim against Yates upon which relief can be granted.

The only other action of Yates that Plaintiffs point to as violating their federal rights is his alleged filing of a void judgment.  However, Plaintiffs do not allege that Yates had notice that the judgment was void  and, in any event, do not assert facts that would plausibly support their claim that Yates violated their constitutional or federal statutory rights.  Thus, Plaintiffs have failed to state a claim against Yates individually upon which relief can be granted.

The other Defendants are Etowah County and its judicial system.  The county judicial system is not a suable entity, and the judicial system is due to be dismissed for that reason.   To the extent that Plaintiffs sue the county for no other reason than the county operates state courts, the county is immune from suit under the Eleventh Amendment immunity which extends to counties and municipalities when they act as an arm or alter ego of the state.  *See Northern Ins. Co. of New York v. Chatham County, Ga.,* 547 U.S. 189, 192 (2006) (quoting *Broward County v. Wickman,* 195 F.2d 614 (5th Cir. 1952)).  In establishing and running the state courts in Etowah County, the county was indeed acting as an arm or alter ego of the State of Alabama.  Thus, the county is IMMUNE from suit.

Alternatively, the court finds that to the extent Plaintiffs attempt to hold the county liable

7

for the acts of Judge Rhea during court proceedings and the acts of Clerk Yates in performing his

Clerk duties, they fail to state a claim for which relief can be granted.  Because Judge Rhea and

Clerk Yates were acting as arms of the *state* and receive *state* immunity, the *county* (and its

judicial system) cannot be liable.   Further, a county is not liable under a theory of respondeat

superior for the acts of individuals that the county employs.  *See Monell v. Dep't of Social Servs.,*

436 U.S. 658 (1978).  A county can be liable for the acts and policies of individuals who are

policy makers for the county with respect that policy.  *See McMillian v. Monroe County,* 520

U.S. 781, 784-85 (1997).  However, under Alabama law, judges and circuit clerks do not

generally occupy a policy making position on behalf of the county, and Plaintiffs have alleged no

special facts that transform them into policy makers in this instance.  *See Stegmaier v. Trammell*,

597 F.2d 1027, 1037 (11th Cir. 1979) (finding under Alabama law that the "district court was

clearly erroneous in finding that the Circuit Clerk occupies a policymaking position"); *Edwards*

*v. Montgomery County, Ala.,* 2010 WL 2609361, at *2 (M.D. Ala. June 8, 2010) (finding that

"circuit court judges are not county policymakers" and noting that, under Alabama law, circuit

court judges possess only state policymaking authority).   Thus, the court finds that the county

cannot be liable for the acts of the judge and circuit clerk in the instant case.

 Further, Plaintiffs have alleged no official policy of the county or county custom that

violates their constitutional or federal statutory rights.  Thus, as an alternative ruling, the court

finds that Plaintiffs have failed to state a claim against the county upon which relief can be

granted.

 As is clear from this discussion, even if the court had subject matter jurisdiction over the

case, the case nevertheless is due to be dismissed.

**CONCLUSION**

For the reasons stated above, the court finds Plaintiffs motion to proceed *in forma pauperis* is due to be GRANTED pursuant to 28 U.S.C. § 1915. Additionally, the court *sua sponte* finds that the case is due to be DISMISSED WITHOUT PREJUDICE.

Dated this 31st day of October, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE